AMERICAN NATIONAL BANK AND TRUST COMPANY OF CHATTANOOGA, Appellant,

v.

John H. WILDS et al., Appellees.

Court of Appeals of Tennessee, Eastern Section.

Oct. 6, 1976.

Certiorari Denied by Supreme Court Jan. 17, 1977.

Paty, Lawrence & Rymer, Chattanooga, for appellant.

Hall, Haynes, Lusk & Foster, Chattanooga, for Ernest G. Clemons, and others.

---

## OPINION

PARROTT, Presiding Judge (E. S.).

This is an appeal from a circuit court order enjoining the sale of property purchased by appellees, Ernest G. Clemons and Juanita Clemons, after the appellant, American National Bank and Trust Company of Chattanooga, had attached the property pending the determination of a debt action against the original property owners, John and Laverne Wilds.

The trial judge determined that Mr. and Mrs. Clemons were bona fide purchasers for value and that the Bank failed to record its attachment as required by T.C.A. 25–501 et seq. and related statutes, to defeat the rights of a bona fide purchaser.

The Bank has assigned as error the trial judge's ruling that an attachment must be recorded pursuant to the lis pendens provisions, T.C.A. 20–301, to defeat the rights of a bona fide purchaser of the realty.

The American National Bank and Trust Company of Chattanooga commenced a suit on March 6, 1975, against John and Laverne Wilds for a balance due of $4,898.96 on notes payable to appellant. Service was not perfected on the defendants and an amended complaint was filed on May 15, 1975, attaching real property owned by the defendants located in the county of suit. The attachment was executed on May 21, 1975. On May 15, 1975, the record reveals Ernest and Juanita Clemons paid a downpayment to the Wildses on the same property. The deed was executed and acknowledged on May 22, 1975, and recorded May 27, 1975. The suit filed by the Bank against Wilds resulted in a default judgment against Wilds entered September 9, 1975, and the final judgment ordering the sale of the property was entered on September 25, 1975, the same to take place in November 1975. The Bank did not record its attachment of the property nor the judgment lien resulting from the default judgment entered against the Wildses. The Clemonses received notice of this court action from the publication of sale in a local newspaper and filed a motion to intervene on October 24, 1975. The trial judge determined that the Bank's unrecorded attachment and unrecorded judgment lien do not pre-empt the rights of a bona fide purchaser for value in realty, citing T.C.A. 25–501 et seq. and related statutes, and permanently enjoined the sale of the property.

The Bank maintains on appeal that an attachment under T.C.A. 23–635 does not have to be recorded to defeat the interest of a bona fide purchaser for value because the recordation requirements of the lis pendens chapter, T.C.A. 20–301 et seq., have no application to the attachment provision under T.C.A. 23–635.

There is no statute specifically requiring that an attachment be recorded. However, Chapter 375 of the Public Acts of 1967 has in effect established that attachments must be recorded for the protection of bona fide purchasers and encumbrancers for value. The Tennessee Supreme Court in *Land Developers, Inc. v. Maxwell,* 537 S.W.2d 904 (Tenn.1976), stated that "the 1967 Act . . . sharply limited the effect upon title to real property of the mere filing of a suit or even the obtaining of a judgment, and reflected a strong legislative policy to require recordation in the Register's Office of an abstract by persons seeking priority over bona fide purchasers or encumbrancers."

A thorough reading of the necessary statutes determines the present status of the law concerning attachments. The statutes to be considered are T.C.A. 23–635, sale after attachment; T.C.A. 20–301, lis pendens provisions; and T.C.A. 20–302, the exclusion of attachment from lis pendens requirements now repealed by the 1967 Act. In pertinent part, T.C.A. 23–635 states that "any transfer, sale, or assignment made after the filing of an attachment at law of property mentioned in the bill or attachment, as against the plaintiff, shall be inoperative and voidable, as elsewhere provided." The statute specifically refers to the lis pendens chapter, T.C.A. 20–301 et seq. As a result of this reference, the legislative changes in the lis pendens chapter effected by the 1967 Act cannot be overlooked in applying the attachment provisions.

■ The 1967 Act repealed T.C.A. 20–302, the portion of the lis pendens chapter excluding judicial attachments from the recording provisions of the general lis pendens statute, T.C.A. 20–301. As a consequence, the general language of T.C.A. 20–301 includes attachments within its purview thereby requiring the filing of an abstract containing "the names of the parties to such suit, a description of the real estate affected, its ownership, and a brief statement of the nature and amount of the lien sought to be fixed." T.C.A. 20–301. Until this abstract is filed, the rights of bona fide purchasers and encumbrancers for value are unaffected.

The cross-reference from T.C.A. 23–635 to T.C.A. 20–301 and the repealing of T.C.A. 20–302 clearly indicate that to defeat the interests of a bona fide purchaser, an attachment must be recorded. The record reveals that the appellant did not record its attachment. Therefore, the rights of the appellees are unaffected.

■ The 1967 Act further changed the existing law by amending T.C.A. 25–501 to provide that ". . . . Judgments and decrees obtained from and after July 1, 1967 in any court of record . . . shall be liens upon the debtor's land from the time the certified copy of said judgment or decree shall be registered in lien book in the register's office of the county where the land is located." Appellant in this case did not record its judgment lien entered from the default judgment against the original property owners. Consequently, the rights of the appellees are not defeated because of this failure to record.

The judgment of the trial court below is affirmed with the costs taxed to appellant.

SANDERS and GODDARD, JJ., concur.