**MOORE–HANDLEY, INC.,**
Plaintiff-Appellee,

v.

**ASSOCIATES CAPITAL CORPORATION, John C. McLemore, Substitute Trustee, and Robert D. Hunt and wife, Mary M. Hunt, Defendants-Appellants.**

Court of Appeals of Tennessee,
Middle Section.

July 23, 1978.

Certiorari Denied by Supreme Court
Nov. 6, 1978.

William L. Rosenberg, Denny, Lackey & Chernau, Nashville, for defendants-appellants.

Henry A. Seligmann, Nashville, for plaintiff-appellee.

## OPINION

LEWIS, Judge.

Appellants, Associates Capital Corporation, John C. McLemore, Robert D. Hunt and wife, Mary M. Hunt, appeal from the judgment of the Chancery Court for Sumner County holding that appellee's, Moore-Handley, Inc., furnisher's lien has priority over the claim of appellants.

We adopt the pertinent parts of the Chancellor's Finding of Facts:

"On or about the 24th day of November, 1975, Paul B. Frederick applied to Complainant, Moore-Handley, Inc. for credit for the purpose of purchasing building materials for a house. * * *.

"On December 20, 1976, Paul B. Frederick executed a deed of trust in favor of Investors Savings and Loan to secure $37,500.00 indebtedness, which was properly recorded on the 20th day of December, 1976. A second deed of trust was executed by Frederick in favor of Associates Capital Association to secure an indebtedness of $17,076.14 which was recorded on February 11, 1977. The last day of delivery of material by Moore-Handley, Inc. was on March 8, 1977. Notice of Furnisher's lien was filed by Moore-Handley, Inc. in the Register's Office of Sumner County, Tennessee, on April 19, 1977, and is regular in every respect. On May 4, 1977, the Complaint was filed by Moore-Handley, Inc. to enforce a lien against the property by attachment in the amount of $1,823.22. The attachment and summons were served on May 6, 1977, upon the defendants, I. D. Lewis, Trustee, and Investors Savings and Loan Association. On May 6, 1977, Associates Capital foreclosed the second deed of trust and bid the property in subject to all unpaid taxes and the prior deed of trust. Service of process was had upon Associates Capital on May 26, 1977, and on John C. McLemore on August 5, 1977.

"On October 25, 1977, Robert D. Hunt and wife, Mary M. Hunt, filed an Intervening Petition which alleged that they had purchased Tract I of said property from Associates Capital for a valuable consideration on September 27, 1977, that they had no knowledge of the case at bar, that a Lis Pendens Notice had not been filed and in their answer prayed that the attachment be dismissed. The case was set for trial by the Court on September 23, 1977, for October 31, 1977."

■ Appellants assign as error the Court's holding that the furnisher's or mechanic's and materialman's lien of record in the Register's Office for Sumner County was notice to all the world sufficient to subordinate the interest of appellants, Robert D. Hunt and wife, Mary M. Hunt, bona fide purchasers for value of a portion of the property in question without actual notice.

It is their insistence that a lis pendens, pursuant to T.C.A. § 20–301, is required in all cases in order to subordinate the interest of bona fide purchasers for value without actual notice.

Appellee, pursuant to T.C.A. §§ 64–1115 and 64–1117, duly perfected its lien.

The pertinent part of § 64–1115 is as follows:

[S]aid lien shall continue for a period of ninety (90) days from the date of said notice in favor of such subcontractor, journeyman, furnisher, mechanic, or laborer, and *until the final termination of any suit for enforcement brought within that period.* [emphasis ours]

Suit was commenced by appellee within the ninety (90) days.

T.C.A. § 64–1117 requires registration of the sworn statement of the amount due, etc., and makes the registration "notice to all persons of the existence of such lien."

The sole question we are required to answer is whether or not the appellee is required, in addition to complying with every

requirement of the mechanic's and materi-almen's statute, to file lis pendens pursuant to T.C.A. § 20–301. We are constrained to answer in the negative.

Appellants rely on *Land Developers, Inc. v. Maxwell,* 537 S.W.2d 904 (Tenn.1976), and *American National Bank and Trust Company v. Wilds,* 545 S.W.2d 749 (Tenn.Ct. App.1976), *cert. denied, id.* (Tenn.1977), in support of their position. These cases are distinguished from the instant case in that no liens were filed, no notice of any kind was given to bona fide purchasers of any lien or encumbrance against the property.

By the express terms of T.C.A. § 64–1115, the appellee's lien continued, upon suit being filed, until the final termination of any suit for enforcement. Appellee complied with T.C.A. § 64–1117, and Appellants Hunt were therefore put on notice of the lien and suit.

We hold that it is unnecessary, when compliance has been had with T.C.A. §§ 64–1115 and 64–1117, to go further and file the notice of abstract pursuant to T.C.A. § 20–301.

In no event can appellants, Associates Capital and John C. McLemore, be heard to complain. Associates was served on May 26, 1977, and McLemore on August 5, 1977, with the complaint to enforce the lien. Notwithstanding that they had actual notice of the suit to enforce the lien pending against them, Associates conveyed by warranty deed the property in question to Appellants Hunt.

The assignment of error is overruled and the judgment of the Chancellor is affirmed. The costs will be paid by the appellants.

AFFIRMED.

SHRIVER, P. J., and TODD, J., concur.